SYLVAN SHURTLEFF & others *vs.* PHENIX INSURANCE COMPANY.

Where one of the conditions, in a policy of insurance against fire, is that the policy shall become void "if any other insurance shall thereafter be made upon the property, and not consented to by the company, in writing thereon," and, in case of an action thereon, it appears that at the time of the loss there was an insurance beyond the amount allowed, the insured will not be entitled to recover in the absence of proof of a waiver of the condition.

Whether or not an agent of the company can waive such a condition, *quære.*

ON REPORT.

ASSUMPSIT on a policy of insurance against fire.

After the evidence was all in, the case was withdrawn and reported to the full court who were to determine the case according to the rights of the parties upon the law, and so much of the evidence as was legally admissible.

*Davis & Drummond*, for the plaintiffs.

*Howard & Cleaves* and *N. B. Hoxie*, for the defendants, cited Pub. Laws of 1862, c. 115, § 2; *Hutchinson* v. *Western Ins. Co.,* 21 Missouri, 101; *Conway T. Co.* v. *Hudson R. Ins. Co.,* 12 Cush. 144; *Loring* v. *Manf. Ins. Co.,* 8 Gray, 28; *Kimball* v. *Howard F. Ins. Co.,* 8 Gray, 33.

DANFORTH, J. This is an action on a policy of insurance in which we find the following provisions: "And provided further, that if any other insurance has been, or shall hereafter be made upon the said property, and not consented to by this company, in writing hereon, . . . this policy shall be null and void." In the policy is written an assent for $30,000 other insurance. At the time of the loss there was other insurance to the amount of $35,500 on the same property. Under this state of facts the authorities cited by the defendants clearly show the policy to be void. Nor is this view of the law denied by the plaintiffs, but it is contended by their counsel that this condition in the policy was waived, because Dow,

the agent of the defendants, made, as agent of other companies, the additional insurance, and especially because after the additional insurance, he renewed the policy in suit. If the facts were as assumed, it might admit of serious doubts whether Dow, as agent, could waive a provision in the contract thus distinct and explicit. But we are not called upon to decide any question of this kind, for the report of the case shows the facts to be otherwise. It appears that the policy of the Dirigo company bears date April 16, 1866. This was after the last renewal of the policy in suit, nor does it appear that Dow was the agent of that company or had anything to do with, or any knowledge of, the issuing of that policy. The testimony of plaintiff, Sylvan Shurtleff, does not contradict these facts. Referring to the time of his removing his goods he says, " at that time he was agent for all the policies I had on the property," &c. It also appears that subsequent to this time and before the loss, one policy, at least, of $20,000 had expired, and others, making up the amount, had taken its place. How many, or to what amount, through the agency of Dow, does not appear. It does appear that there was at the time of the loss an insurance of $5,500 beyond the amount authorized in the policy, and no proof of any waiver of the condition in the policy by the company or its agent.

*Judgment for defendants.*

Appleton, C. J.; *Cutting, Dickerson, Barrows, and Tapley, JJ., concurred,