ALLEMANIA FIRE INSURANCE CO. v. CAROLINE E. HURD.

*Policy Void for Additional Insurance.*

A policy of insurance contained a clause of avoidance for additional insurance unless the consent of the company be written on the policy. The only consent alleged was in a letter of

reply written by the agent of the company to the insured, saying: "We will, of course, allow other concurrent insurance with the Allemania policy, and will also place you more insurance at same rate that we charged you before, and do it in A 1 company or companies. * * * * * Trusting to hear from you at your earliest convenience, we remain," etc. *Held* not to amount to a consent to any specific additional insurance, nor to meet the requirements of the policy, which became absolutely void at once upon the obtaining of additional insurance without consent.

Error to Branch. Submitted April 11. Decided June 12.

ASSUMPSIT upon an insurance policy. The case is stated in the opinion.

*Austin Blair* for plaintiff in error.

*Loveridge & Barlow,* for defendant in error, cited *West-chester Fire Ins. Co. v. Earle,* 33 Mich., 143; *Warner v. Peoria Marine & Fire Ins. Co.,* 14 Wis., 318.

MARSTON, J. Plaintiff in error, December 15, 1874, issued a policy of insurance to Walsh and Engle. The property insured was destroyed by fire August 2, 1875. On the following day Walsh and Engle assigned to Albert Chandler their interest under said policy, and he, on the 23d day of November, 1875, assigned his interest therein to defendant in error, who brought suit thereon and recovered a judgment.

This policy contained, among other things, a clause rendering it void in case any other insurance had been or should be made, on the property insured or any part thereof, without the consent of the company written thereon. After the issuing of this policy, and before the fire, the insured procured additional insurance. It is not claimed that plaintiff in error ever consented thereto, either orally or in writing, or had any notice of such additional insurance, except as appeared from a letter written by the agents of the plaintiff in error to the insured, in reply to one received by them, and which was as follows:

"ALLEMANIA FIRE INSURANCE CO. OF PITTSBURGH,
AGENCY AT JACKSON, *March 31, 1875.*

*Messrs. Walsh & Engle, Union City, Mich.:*

GENTLEMEN: Your favor of the 30th inst. at hand and noted. We will, of course, allow other concurrent insurance with the Allemania policy, and will also place you more insurance at same rate that we charged you before, and do it in 'A 1' company or companies. Our Mr. Bussey is at present in the western part of the state on special work. Trusting to hear from you at your earliest convenience, we remain,

Yours truly;

OWEN GROVER, JR., & CO."

This letter clearly did not amount to a consent to any specific additional insurance. True, it expressed a willingness to permit additional insurance, and offered to place additional insurance upon the same property, and at rates similar to those charged before. No such insurance was, however, herein consented to, the agents inviting and of course expecting to hear farther from the insured upon the subject. The insured were in no way obliged to procure additional insurance. And although they had undoubtedly expressed a desire or intention to procure additional insurance, yet they might have changed their minds, and the agents not having heard from them afterwards, either in asking for insurance or notifying them that additional insurance had been obtained, might well have concluded that the insured had abandoned all intention of procuring farther insurance upon the property. The correspondence between the parties would not take the place of the consent required by the terms of the policy, and the policy of insurance issued by the plaintiff in error became absolutely void at once upon the obtaining of the additional insurance without consent. *New York Central Insurance Co. v. Watson,* 23 Mich., 486, and cases there cited. Under this view we do not consider it necessary to consider the other questions raised.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.