## DAY v. THE MILL-OWNERS' MUT. FIRE INS. CO.

1. **Practice on Appeal:** RULINGS FAVORABLE TO APPELLANT. In appeals in ordinary actions, only such rulings of the trial court can be reviewed as were adverse to the appellant, and upon which errors are properly assigned.

2. **Fire Insurance:** FLOURING MILL: PROVISION AGAINST "SHUTTING DOWN": CONSTRUCTION. Where a policy of fire insurance on a flour-mill was made subject to a provision that if the mill should be "shut down" or remain idle, *from any cause whatever*, for more than twenty days, without notice thereof to the secretary of the company, the policy should be considered suspended from the expiration of that time until the mill should resume work or the policy be reinstated by the secretary, *held* that the stoppage of the mill for more than twenty days, without the required notice, though done for the purpose of necessary repairs to the mill or race, was within the meaning of the provision, and suspended the policy.

*Appeal from Tama District Court.*

THURSDAY, OCTOBER 14, 1886.

ACTION on a policy of insurance against loss and damage by fire. There was a verdict and judgment for plaintiff, and defendant appeals.

*S. D. Nichols,* for appellant.

*Hubbard, Clark & Dawley,* for appellee.

REED, J.—The policy of insurance sued on was issued on the fifteenth of December, 1884, and on the night of the fourth of the following March the property insured, which was a flouring-mill, was totally destroyed by fire. The defense pleaded by defendant is that it is a mutual insurance company, and that, by accepting the policy of insurance, plaintiff became a member of the incorporation, and was bound by its articles of incorporation, one of the provisions of which is as follows: "Should any mill insured in the company be shut down or remain idle, from any cause whatever, more than twenty days continuously, it shall be the duty of the insured to notify the secretary of the company of such fact, and of the length of time such stoppage will probably continue, giving the cause thereof; and, if he fails so to do, his policy shall be considered suspended from the expiration of such time until the mill shall resume work, or it is reinstated by the secretary." And it alleged that, for more than twenty days before the loss occurred, plaintiff's mill had been continuously shut down and idle, and that he had failed and neglected to give any notice of such stoppage to defendant's secretary as was required by said provision. On the trial these allegations as to the stoppage of the mill for more than twenty days continuously before the fire, and the failure of plaintiff to give notice of such stoppage, were proven, and there was evidence which tended to prove that

the race through which the water which afforded the motive power of the mill was received had become so filled up that it did not carry a sufficient amount of water to properly run the machinery, and that the mill was shut down by plaintiff for the purpose of cleaning out and deepening the race, and that, owing to the fact that the ground was frozen, he had not been able to have the work done before the fire occurred. There was also evidence that during the time the mill had been shut down he had made some changes in certain fixtures in the mill, and that he contemplated making some changes in the machinery.

The court gave the following instructions to the jury: "(4) You are instructed that, under the articles of incorporation and by-laws of the defendant introduced, plaintiff was a member of the company; and you are further instructed that he was bound by the same, and by the provision of the fifteenth article; [which is the provision set out above;] and if defendant has satisfied you by a preponderance of the evidence that at the time of the fire, and for twenty days continuously before, the mill was shut down and lying idle, then plaintiff cannot recover. (5) If the mill was shut down and idle for the purpose of needed and necessary repairs, either to the mill itself or the mill-race, that would not be sufficient. It must have been shut down for some other cause. But, if the mill was shut down for repairs to either the mill or race, it must have been in good faith; and, if so, then the fact that the secretary of defendant was not notified would not prevent a recovery on this action."

The question whether the provision of the articles of incorporation of the defendant company became part of the 1. PRACTICE contract between the parties, further than expressly made so by the policy of insurance, has been elaborately argued by counsel. With reference to that question, we deem it sufficient to say that it does not properly arise on this appeal. The district court ruled, in the fourth instruction, that plaintiff was bound by the

provision of the articles of incorporation, and that they entered into and became a part of the contract between the parties. That ruling was favorable to the appellant, and it makes no complaint in this court concerning it, and has assigned no error upon it. If that ruling had not been modified by the subsequent instruction, defendant would clearly have been entitled to a verdict. In appeals in ordinary actions, we can review such rulings of the trial court only as were adverse to the appellant, and upon which errors are properly assigned. On this appeal, therefore, the ruling of the district court on that question must be accepted as the law of the case; and the question which arises upon the record is whether, assuming that the provision of the articles

2. FIRE insurance: flouring mill: provision against "shutting down": construction. of incorporation quoted above became a part of the contract, the holding in the fifth instruction, that the stoppage of the mill, and the failure to give notice thereof to the secretary of the company, did not operate to suspend the policy, if such stoppage was for the purpose of making necessary repairs to the mill or race, is correct. In our opinion that ruling cannot be sustained. The provision which, by the fourth instruction, was held to constitute part of the contract, is that the stoppage of the mill, *from any cause whatever*, for more than twenty days continuously, without notice to the secretary, should have the effect to suspend the policy from the expiration of that period. This language is clear and explicit. No rules of construction would aid in determining the meaning expressed by it. The words "from any cause whatever" include and cover any and every cause that may have the effect to stop the operation of the mill. It is impossible to exclude a stoppage for the purpose of making repairs from the operation of the provision, without doing violence to the plain meaning of the language in which it is expressed.

The judgment will therefore be reversed and the cause remanded. REVERSED.