## WILLIAM D. ROBINSON AND WILLIAM C. HOUSE v. THE FIRE ASSOCIATION OF PHILADELPHIA.

*Insurance policy—Waiver of conditions—Motion to strike out testimony.*

1. Defendant insured a stock of boots and shoes, the policy to become *void* if *additional* insurance was obtained without its consent indorsed on the policy. Such additional insurance was obtained, and in a suit on the policy the defendant sought to avoid it for that reason, and the policy-holder claimed a waiver on the part of the defendant growing out of the following facts: An application was made to defendant's agent, who had placed the original insurance, for such additional insurance, who was

informed that the rate asked was too high, and the policy was secured in another company, and afterwards shown to the agent, who had it in his hands, and looked at it, but made no remarks on the subject, and did not object to such insurance.

*Held*, that the waiver was not made out, and that the policy became void as soon as the contract for the additional insurance was perfected.

2. After the close of the testimony in a case plaintiffs moved to strike out a certain portion of the defendant's evidence for want of notice thereof under defendant's plea.

*Held*, that the application was properly denied, the testimony not having been objected to when offered, and, if inadmissible under the general issue, a motion to amend the notice might have been granted by the trial court.

Error to Barry. (Hooker, J.) Argued April 28 and 29, 1886. Decided October 14, 1886.

Assumpsit. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Walter S. Powers* (*Dickinson, Thurber & Hosmer*, of counsel), for appellants:

Forfeitures on technical grounds are not favored. The conditions in an insurance policy are for the benefit of the company, and may be waived by parol, though the policy provides for a written waiver: *Ins. Co. v. Norton*, 96 U. S. 234; *Ins. Co. v. Doster*, 106 Id. 30.

A breach of such conditions does not render the policy void, but voidable, and upon notice of such breach the insurer must cancel the policy or be deemed to have waived the breach: *Osterloth v. Fire Ins. Co.*, 60 Wis. 126; *Viall v. Genesse Ins. Co.*, 19 Barb. 440; *Palmer v. St. Paul Fire & Marine Ins. Co.*, 44 Wis. 201; *Joliffe v. Madison Mutual Ins. Co.*, 39 Id. 111; *Brandup v. St. Paul Fire & M. Ins. Co.*, 27 Minn. 393; *National Fire Ins. Co. v. Crane*, 16 Md. 260; *Planters' Mut. Ins. Co. v. Lyons*, 38 Texas, 253.

Insurance companies are responsible for their agents' acts within the general scope of the business intrusted to them, and no limitation upon their authority will bind a party dealing with them unless brought to his knowledge: *Ins. Co. v. Wilkinson*, 13 Wall. 223.

An insurer cannot sleep upon its intention to avoid the policy to the prejudice of the insured, and if by its laches

interested parties are misled, an estoppel *in pais* is raised, and the insurer is precluded from insisting upon the forfeiture: *Miner v. Ins. Co.*, 27 Wis. 693; *Webster v. Ins. Co.*, 36 Id. 67; *Gans v. Ins. Co.*, 43 Id. 108; *Palmer v. Ins. Co.*, 44 Id. 201; *Appleton Iron Co. v. British Am. Assurance Co.*, 46 Id. 33; *Kitchen v. Hartford Ins. Co.*, 57 Mich. 135.

Insurance companies should be obliged to plead a forfeiture specially: *Cannon v. Home Ins. Co. of N. Y.*, 53 Wis. 585; *Redman v. Ætna Ins. Co.*, 49 Id. 431.

*Norris & Uhl*, for defendant:

If the facts are not disputed, it is the duty of the court to direct a verdict in accordance with the law applicable to such facts: *Wisner v. Davenport*, 5 Mich. 501; *Stearns v. Vincent*, 50 Id. 209, 219.

The circuit judge has an undoubted right, in any case, to advise the jury to return a verdict for the defense when the plaintiffs give or offer no evidence to establish any necessary part of their case: *Davis v. Detroit & M. R. R. Co.*, 20 Mich. 106, 122, 128; *Kelly v. Hendrie*, 26 Id. 255; *Scripps v. Reilly*, 38 Id. 10-22; *Spicer v. Bonker*, 45 Id. 633; *Pennsylvania Mining Co. v. Brady*, 16 Id. 332; *Grand Trunk Ry. Co. v. Nichol*, 18 Id. 170.

It is error to submit undisputed facts to the jury: *Druse v. Wheeler*, 26 Mich. 189-196; *Gavigan v. Evans*, 45 Id. 597; *Lange v. Perley*, 47 Id. 352; *Medina v. Perkins*, 48 Id. 67; *Seligman v. Ten Eyck*, 49 Id. 104.

A scintilla of evidence does not authorize a submission to the jury: *Conely v. McDonald*, 40 Mich. 154, citing and approving *Schuchardt v. Allen*, 1 Wall. 369; *Hickman v. Jones*, 9 Id. 201.

The facts as to the other insurance were undisputed: *N. Y. Cent. Ins. Co. v. Watson*, 23 Mich. 486; and it followed as matter of law, under the conditions of the policy, that the insurance was void: *Western Mass. Ins. Co. v. Riker*, 10 Mich. 279; *Security Ins. Co. v. Fay*, 22 Id. 467-471; *N. Y. Cent. Ins. Co. v. Watson*, 23 Id. 486; *Continental Ins. Co. v. Horton*, 28 Id. 173; *Sun Ins. Co. v. Earle*, 29 Id. 406; *Westchester F. Ins. Co. v. Earle*, 33 Id. 143; *Liverpool, L. & G. Ins. Co. v. Verdier*, 35 Id. 395; *Allemania F. Ins. Co. v. Hurd*, 37 Id. 11; *Pennsylvania F. Ins. Co. v. Kittle*, 39 Id. 51; *Emery v. Mut. C. & V. F. Ins. Co.*, 51 Id. 469; *Kitchen v. Hartford Ins. Co.*, 57 Id. 135.

The fact that defendant did specially plead one of the conditions of the policy has no bearing; the matter so specially pleaded was preliminary to an allegation of fraud. Fraud must always be specially pleaded: *Miller v. Finley*, 26 Mich. 250.

Circuit court rule 104 implies the right to make defenses based on non-performance of conditions on the face of the policy.

A defense in an action of assumpsit, that plaintiff never had a cause of action, was always admissible under the general issue at common law: 1 Chit. Pl. 478; 1 Tidd, Pr. 646; Stephen, Pl. 176.

Our statutory general issue is as broad as that at common law, if not broader: How. Stat. §§ 7362, 7363; *Osburn v. Lovell*, 36 Mich. 250.

The statutory general issue traverses every material averment in the declaration which plaintiff is required to prove: *Kinnie v. Owen*, 1 Mich. 249, and note; and every fact necessary to enable plaintiff to recover: *Young v. Stephens*, 9 Mich. 502.

It puts in issue all material allegations in the declaration: *Rawson v. Finlay*, 27 Mich. 271.

It is a complete denial of plaintiff's cause of action, and calls on him to prove it: *Ingalls v. Eaton*, 25 Mich. 35; *Wilson v. Wagar*, 26 Id. 452; *Berringer v. Lake S. Iron Co.*, 41 Id. 307.

It admits evidence directed against the existence of a promise having legal force: *Snyder v. Willey*, 33 Mich. 489; *Dean v. Chapin*, 22 Id. 275.

A waiver can never arise by implication alone, except for some conduct which induces action in reliance upon it, to an extent which renders it a fraud to recede from what the party has been induced to expect: *Security Ins. Co. v. Fay*, 22 Mich. 473.

And this Court has also held that silence after knowledge of the facts is no waiver when there is no duty to speak: *N. Y. Cent. Ins. Co. v. Watson*, 23 Mich. 486; *Westchester F. Ins. Co. v. Earle*, 33 Id. 143; *Kitchen v. Hartford Ins. Co.*, 57 Id. 135.

A promise to consent to other insurance when obtained is no waiver: *Allemania F. Ins. Co. v. Hurd*, 37 Mich. 11.

This Court has never held a waiver to exist except by reason of act or acts of feasance or non-feasance in violation of duty: *Kitchen v. Hartford Ins. Co.*, 57 Mich. 135, and cases there reviewed.

If she wished to keep her insurance in force, it was her duty to obtain the company's consent thereto. Until such consent was asked, no duty rested on the company to act: *Westchester F. Ins. Co. v. Earle*, 33 Mich. 143.

Durkee did not tell assured that the other insurance would make no difference. He was not asked, even, to notify his company, as in *Kitchen v. Hartford Ins. Co.*, 57 Mich. 135.

No proofs of loss were ever demanded by the company, as in *Pennsylvania F. Ins. Co. v. Kittle*, 39 Mich. 51.

SHERWOOD, J. This is an action on a policy of insurance issued by the defendant to Rachel A. Kanaga, and assigned after loss to the plaintiffs.

The declaration counted on the policy, and alleged an assignment of the same to the plaintiffs after loss.

The plea was the general issue, with the following notice given thereunder:

" You will please take notice that on the trial of said cause the above-named defendant will give in evidence, and insist in its defense, that, at the time of the alleged destruction and damage of the property claimed in plaintiffs' declaration to have been destroyed and damaged by fire, as in said declaration set forth, none of said claimed to be insured property was so destroyed as alleged in said declaration; that said property had, prior to the said fire reaching it, been all removed to a place of safety, and was not in anywise damaged or destroyed, of which fact the assured and said plaintiffs had notice.

" That said policy of insurance declared upon contained the following condition:

" 'Any fraud or attempt at fraud, or any misrepresentation in any statement touching the loss, or any false swearing on the part of the assured or his agent, in any examination, or in the proofs of loss, or otherwise, shall cause a forfeiture of all claim on this association under this policy; and in such case this association shall have the right, at any time, to require the same to be delivered up to be canceled.'

" That the said assured, and the said plaintiffs, in making claim against this defendant, and in making proofs of loss to this defendant, violated the said condition."

The cause was tried in the Barry circuit before Judge Hooker, by jury, and a verdict for the defendant was directed by the court. The plaintiffs bring error.

The policy issued by the defendant contained the following clause, among others:

"This policy shall become void, unless consent in writing is indorsed by the association hereon, in each of the following instances, namely: If the insured shall have, or shall hereafter obtain, any policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof."

The property insured in this case was a stock of boots and shoes.

About ten months after the insurance was obtained in the defendant's company, Mrs. Kanaga took out a policy for $1,000 on the same property in the Royal Insurance Company of Liverpool, and it is claimed by defendant this was done without any consent given by the defendant; that this was the situation when the loss occurred, and that by reason thereof the policy of defendant was rendered void, and no action can be maintained thereon.

On the part of the plaintiffs it is claimed that what occurred between the defendant's agent and Mrs. Kanaga, after the policy was issued, amounted to a waiver by the company of the necessity for its written consent to obtain the additional security.

Harry A. Durkee was the agent of the company at Nashville, the village where the property was located, and the place where the insurance was taken.

This is what occurred after the policy was issued to Mrs. Kanaga: Her husband, acting as her agent, sought to obtain additional insurance upon the stock of goods, and with that object in view called on Mr. Durkee, who asked Mr. Kanaga a higher per cent. for the additional insurance than others did, and Mr. Kanaga says in his testimony:

"And I told him I thought I could do better, as other parties in the same row of buildings were getting insurance a great deal cheaper than he was offering. I think two or two and a half per cent. was what he wanted, while others were paying one and three-quarters, I believe."

"After this conversation in the office of Durkee, I went to Webster & Mills, and procured a Royal Insurance Company policy, that I now have. Durkee came into my store and asked for Mr. Liedy, and while he was in there I showed him the Royal policy. He had it in his hands, opened it and looked at it, and laid it down again. Mr. Riggle was present."

"Q. Upon that occasion what did Mr. Durkee say about additional insurance, if anything?

"A. He did not say anything to me in particular, any more than he read the policy over,—looked it over,—and dropped it down upon the desk again, and opened it out and read the writing. I don't know as he read any of the printing.

"Q. Did he then and there raise any objection to it?

"A. No, sir."

It is upon this testimony of Mr. Kanaga that the plaintiffs claim the assent in writing to subsequent insurance was waived by the company.

The circuit judge held it was not sufficient, and did not even tend to prove a waiver of the required written assent, and so instructed the jury. We think he was correct, and that the judgment should be affirmed.

Taking above testimony in the strongest manner against the company, it shows no more than knowledge that Mrs. Kanaga desired cheaper insurance than the defendant was willing to give, and that she subsequently obtained it. This is no evidence, alone, of consent, or of waiver of written notice of consent, by the defendant, that such second insurance might be effected; and the policy issued by defendant became void as soon as the contract for insurance was perfected in the Royal Insurance Company of Liverpool. *Western Mass. Ins. Co. v. Riker*, 10 Mich. 279; *Security Ins. Co. v. Fay*, 22 Id. 467; *New York Cent. Ins.*

*Co. v. Watson,* 23 Id. 486; *Burt v. People's Mut. F. Ins. Co.,* 2 Gray, 397; *Pitney v. Glens Falls Ins. Co.,* 65 N. Y. 6; *Shurtleff v. Phœnix Ins. Co.,* 57 Me. 137; *Ill. Mut. Fire Ins. Co. v. Fix,* 53 Ill. 151; *Mussey v. Atlas Mut. Ins. Co.,* 14 N. Y. 79; *Ill. Masons' Ben. Soc. v. Baldwin,* 86 Ill. 479; *Allemania F. Ins. Co. v. Hurd,* 37 Mich. 11; *Westchester F. Ins. Co. v. Earle,* 33 Id. 143; *Kitchen v. Hartford Ins. Co.* 57 Id. 135; *Penn. Fire Ins. Co. v. Kittle,* 39 Id. 51; *Carpenter v. Continental Ins. Co.,* 61 Id. 635.

We think the plaintiffs' motion to strike out the testimony given by the defendant, showing a breach of one of the conditions contained in the contract of insurance sued upon, made at the close of the trial, was correctly overruled. The testimony was not objected to when offered, and if it was inadmissible under the general issue, as claimed, a motion on the part of the defendant would have been entertained and allowed by the circuit judge upon the trial amending the defendant's notice under his plea, thus removing all grounds of objection.

We do not think motions of this kind should be allowed to prevail when the testimony offered is competent, and no objection is made thereto at the time it is given.

The judgment must be affirmed.

The other Justices concurred.