WILLIAM C. JOHNSON *vs.* AMERICAN INSURANCE COMPANY.

August 12, 1889.

**Fire Insurance—Arbitration as to Amount of Loss—Denial of Liability on Policy.**—A policy of insurance provided that either party might require an arbitration "touching any loss, or damage," and that the award "shall be binding as to the amount of such loss or damage, *but shall not decide the liability of the company under this policy*." *Held*, that an arbitration and award, merely as to the amount of the loss, at the instance of the insurer, did not forbid the subsequent denial of legal liability upon the ground that the policy was void for reasons known to the assured when the arbitration was instituted.

**Same—Condition as to Other Insurance—Waiver.**—The policy provided that it should be void in case of other insurance "without notice and

consent of this company. * * *" It also authorized the company to terminate the contract at any time, at its option, by giving notice and refunding a ratable proportion of the premium. *Held,* that additional insurance, unless consented to, or unless a waiver was shown, *ipso facto* avoided the contract, and the fact that the company had not, after notice of such insurance, *cancelled* the policy, did not justify the legal conclusion that it had elected to allow it to continue in force.

Action on a fire-insurance policy, brought in the district court for Rock county, to recover $2,975.66, the amount of loss as fixed by appraisers chosen by the parties in accordance with the policy. Defence (among others) that the contract was void because (1) when the policy was procured the plaintiff was not sole owner but only part-owner of the property, which fact was material to the risk and was concealed from defendant; and (2) that after the issue of the policy the defendant procured other insurance on the property without notice to and consent of defendant. At the trial before *Perkins,* J., the plaintiff had a verdict. The defendant appeals from an order refusing a new trial. The second assignment of error was based on an instruction (duly excepted to) to the effect that if one Joles had an interest in the insured property, yet if defendant, with full knowledge of the facts in relation thereto, required plaintiff to submit to an examination on oath, under the policy, and to enter into an appraisal, the defendant thereby waived any right to claim that the policy was void on account of Joles's interest.

*Lusk & Bunn,* for appellant.

*P. E. Brown,* for respondent.

DICKINSON, J. The appellant must be sustained in its first assignment of error. By the terms of the contract of insurance it was provided that "if differences shall arise between the parties hereto touching any loss or damage, * * * the matter shall, at the written request of either party, be submitted to impartial arbitrators, mutually chosen, whose award in writing shall be binding on the parties as to amount of such loss or damage, *but shall not decide the liability of the company, under this policy.*" The charge of the court was, in substance, that an arbitration pursuant to the contract and at the request of the defendant, solely as to the amount of the loss,

the plaintiff being thereby subjected to some necessary expense, was effectual as a waiver on the part of the defendant of all right to claim that the policy was void by reason of any facts of which it then had knowledge. This is opposed to the express agreement of the parties, as we construe that part of the policy above referred to. The contract contemplates and gives to either party the right to demand an arbitration and final adjustment of the amount of the loss merely, distinct from any question which may arise as to the legal liability of the insurer, leaving that to be determined in some other manner. The language which we have italicized was employed with obvious reference to an arbitration and award as to the amount of loss or damage, and was intended to have some practical effect in such a case. Yet it would be practically nullified if it were held that the mere fact of submitting the question of the amount of the loss to arbitration would be effectual to preclude the insurer from thereafter bringing in question its legal liability under the policy. It is apparent from the terms of the contract that such was not the intention of the parties. There is no natural or necessary relation between the *amount* of the loss suffered from a fire and the legal construction or the validity of a contract of insurance upon which the sufferer may rely for indemnity; nor is there any reason in the nature of the subject why, if the parties so agree, a disputed claim as to the extent of the damage may not be adjusted by arbitration or otherwise, without either party being thereby precluded from questioning the legal effect or validity of the alleged contract. On the contrary, considerations of expediency might well prompt the parties to agree upon a speedy examination and appraisal by arbitrators as to the amount of the loss merely, at a time and under circumstances which might be most favorable for such purposes, without waiting until a determination could be secured as to the legal rights and obligations of the parties under the contract. The error involved in this instruction may have affected the result, and a new trial must be allowed.

The second assignment of error raises the question of the sufficiency of evidence to justify a finding that, at the time when the defendant required the plaintiff to submit to an examination under oath respecting the loss, the defendant had notice of the fact, now relied

upon to avoid the contract, that another person than the assured had a proprietary interest in the property. In view of our decision upon the first assignment of error, we need not say more upon this point than that we think there was evidence proper for the consideration of the jury.

The policy contained a provision that it should be void if other insurance should be secured "without notice to and consent of this company, in writing hereon." It also contained a clause authorizing the defendant to terminate the contract at any time, at its option, by giving notice and refunding a ratable proportion of the premium for the unexpired term. Other insurance was effected, and there was evidence that notice of this was communicated orally to the defendant's agent long before the fire. The court charged the jury, in substance, that if such were the case it became the duty of the defendant to elect whether it would cancel the policy or continue it in force, and that, if it failed to cancel the policy after such notice, it must be held to have elected to retain the contract in force, and to have waived compliance with the specified condition. This, we think, was not an accurate statement of the law, and may have been misleading. The provision in the policy authorizing the company to terminate the contract at any time, at its option, bore no special relation to that concerning other insurance. By the plain terms of the policy, other insurance without the consent of this company would *ipso facto* avoid the contract; and in the case of a contract thus avoided, it would not be obligatory upon the insurer to repay any of the unearned premium; nor would he be required to give notice that he should insist upon and avail himself of the proper legal effect of the agreement. It required no affirmative act of election on the part of the company to make operative the clause avoiding the contract whenever the specified conditions should occur. Its obligations ceased *unless*, being informed of the fact, it *consented* to the additional insurance, or in some manner waived the forfeiture. It is not, however, contended that consent may not be shown in some other manner than that specified in the policy. The fault in the charge is in the proposition that the failure to cancel the policy by the affirmative action of the company after it had notice of additional insurance, would of itself be

effectual as an election to continue the policy in force.   *Robinson* v. *Fire Association*, 63 Mich. 90, (29 N. W. Rep. 521.)

Order reversed.

NOTE.   In the case of *Johnson* v. *Orient Ins. Co.*, argued by the same counsel and at the same time with the foregoing case, the same questions were presented, and the same decision made.