MERIAM GOLDIN and another *vs.* NORTHERN ASSURANCE COMPANY OF LONDON.

July 1, 1891.

**Fire Insurance—Authority of Soliciting Agent to Waive Conditions of Policy.**—An insurance broker or soliciting agent, whose business is merely to solicit insurance, present applications therefor to the agents of the insurance company, and, if accepted, to receive the policies, deliver them to the insured, collect the premiums, and pay them over to the agents of the company, who pay him a commission, has no authority in behalf of the company to consent to procuring other insurance on the property, or to waive the conditions of the policy in that regard.

**Same—Condition against Other Insurance—Waiver.**—Where the policy provides that the policy, unless otherwise provided by agreement indorsed thereon, shall be void if the insured shall thereafter procure any other insurance on the property, mere notice or knowledge on part of the insurance company that the insured has subsequently placed other insurance on it, or intends to do so, is not of itself a waiver or consent on part of the company, at least where the notice is not communicated in a manner implying a request for permission to do so, or so as to require the company to act upon it by either consenting or refusing to consent.

Action brought in the municipal court of St. Paul, to recover $442.67 and interest on a fire-insurance policy issued by defendant. Appeal by plaintiffs from an order refusing a new trial after verdict directed for defendant.

*Willrich & Lambert,* for appellants.

*Morris & Williams,* for respondent.

MITCHELL, J. Accepting as true everything which the evidence tended to prove favorable to the plaintiffs, the facts in this case were as follows: Prince & Shandrew were the general agents in St. Paul of the defendant as well as of several other insurance companies. One Jules Jacobson was an insurance broker, who solicited insurance and took the applications of persons desiring insurance to the agents of the company in which it was desired to place it, and, if the application was accepted, obtained the policy, delivered it to the insured, collected the premium, and paid it over to the

company's agents, who would pay him a commission on whatever business he brought to them. He had done business in this manner through and with Prince & Shandrew. The plaintiffs held a $1,000 policy on their stock of merchandise in the defendant company, which they had thus procured through the brokerage of Jacobson. Subsequently one of the plaintiffs handed this policy to Jacobson, and requested him to have it cancelled, and to obtain a new policy for $500; and, in answer to Jacobson's inquiry what was the matter, replied that his partner wanted to get $500 insurance in another company, in which they had been previously insured, and where they could get it cheaper. Jacobson thereupon took the policy to Prince & Shandrew, and had them cancel it and issue a new policy (the one in suit) for $500, which he delivered to plaintiffs, collected the additional premium, and paid it over to Prince & Shandrew. This policy contained the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered, in whole or in part, by this policy.

"No officer, agent, or other representative of this company shall have power to waive any provision of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such conditions or provisions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

"In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company."

About three weeks after the issuing of this policy, the plaintiffs placed an additional insurance for $500 on the same property in another company. No agreement or consent on part of defendant to this additional insurance was indorsed on the policy in suit, nor is it claimed that Prince & Shandrew or any other agent of the de-

fendant (unless Jacobson was such) ever consented to or knew of such additional insurance until after the loss. Some time afterwards Jacobson inquired of one of the plaintiffs "if they had obtained another policy, and, if so, whether they had got it cheaper," to which the plaintiff replied that they had, but at the same price. The circumstances under which this conversation took place are not further disclosed by the evidence, but, so far as appears, it was a casual conversation, in which Jacobson's inquiry as to the additional insurance was suggested by mere curiosity to know whether other insurance had been obtained at a lower rate than he had placed it. Two or three months later the property covered by the policy was partially destroyed by fire, and to an action on the policy the defendant interposed the defence that it was rendered void by a breach of the condition as to other insurance. The court directed a verdict for the defendant, and this is assigned as error.

The court was right. Jacobson had no authority either to consent to additional insurance or to waive any of the conditions of the policy. If, under the evidence, he was agent of the defendant for any purpose, it was, at most, only to deliver the policy and collect the premium. The defendant had done nothing to clothe him with even apparent authority to do anything else in its behalf. The policy itself bore the signatures of Prince & Shandrew, and not that of Jacobson, as agents. It also, in the provisions above quoted, gave the plaintiffs express notice of what should be deemed evidence of authority to an agent, and of the limitations of that authority, and of the only manner in which consent to other insurance should be given; and, when the policy was received, it showed for itself that no such consent was indorsed in the manner contracted for. What has been said as to what passed between plaintiffs and Jacobson at and before the issuing of the policy in suit is equally applicable to what passed between them after the additional insurance was procured. Moreover, Jacobson being merely a broker or solicitor, if he ever was defendant's agent for any purpose, his powers as to this insurance ceased as soon as the policy was delivered to the plaintiffs. But, even if Jacobson had the authority to do so, there is nothing in the evidence from which it can be found, even by inference, that he ever in fact consented to additional

insurance or waived the conditions of the policy. Under the terms of the policy, it is not enough that defendant may have had notice of plaintiffs' intention to secure other insurance, or that they had secured it. There must have been a waiver or consent on part of the defendant upon such notice, otherwise the policy was *ipso facto* void upon the taking of other insurance. The plaintiffs never made any request for a policy permitting other insurance, nor requested defendant's consent to other insurance. There was merely casual notice to Jacobson in one instance of an intention to obtain other insurance at some future time, and in the other case that such insurance had been obtained, and in neither case was it communicated in a manner implying a request for permission to do so, or so as to require the defendant to act upon it by either refusing or consenting. The communications were not made for any such purpose as to secure defendant's consent to other insurance, and no such consent could be even implied, under such circumstances, from the mere silence or non-action of the company. The defendant was not bound to act on the matter until its consent was asked for. *Johnson* v. *American Ins. Co.,* 41 Minn. 396, (43 N. W. Rep. 59;) *Allemania Fire Ins. Co.* v. *Hurd,* 37 Mich. 11; *Robinson* v. *Fire Association,* 63 Mich. 90, (29 N. W. Rep. 521;) *Kimball* v. *Howard Fire Ins. Co.,* 8 Gray, 33; *New Orleans Ins. Ass'n* v. *Griffin,* 66 Tex. 232.

Order affirmed.