ANNA BETCHER v. CAPITAL FIRE INSURANCE COMPANY.

December 4, 1899.

Nos. 11,804—(111).

**Insurance Policy—Increase of Risk—Expiration of Permit—Judicial Notice of Fireworks.**

The defendant issued to the plaintiff a policy of insurance against fire on a stock of merchandise. This policy was in the Minnesota standard form, and contained, among others, a provision that the policy should be void if, without the written consent of the insurers, the situation or circumstances affecting the risk should, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of risk. Subsequently the plaintiff, without the knowledge or consent of the defendant, stored or permitted to be stored a large stock of explosive fireworks in the same building which contained the insured property. Still later the plaintiff applied to and received from defendant's agent a

permit to store the fireworks in the building for 15 days. At the time this permit was issued, defendant's agent ascertained the fact that the fireworks had already been stored in the building. The plaintiff did not remove the fireworks at the expiration of the permit, but continued to keep them in store in the building for 11 days longer, when their explosion caused the loss of the insured property by fire. The defendant had no notice that the fireworks were kept in the building after the expiration of the permit. When the plaintiff presented proofs of loss, the defendant expressly repudiated.all liability·on the policy, claiming that it was void because of the foregoing facts, but at the same time objected to the sufficiency of the proofs. *Held*, that the courts will take judicial notice of the fact that the storage of explosive fireworks in the same building increased the risk of the loss of the insured property by fire.

## Waiver.

Also, that the issuing of the permit amounted to a waiver of any prior forfeiture of the policy, but not to an implied agreement to waive any future forfeiture, or to a consent that the fireworks might be stored in the building after the expiration of the period of the permit.

## Forfeiture.

Also, that when the permit expired, and the fireworks were not removed, the policy became ipso facto void; the defendant was not required to do any affirmative act declaring the forfeiture, nor did it owe the plaintiff any duty to give her notice to remove the fireworks.

## No Waiver of Forfeiture.

Also, that the fact that the defendant, when denying its liability on the policy, and insisting that it was void, at the same time objected to the proofs of loss, did not amount to a waiver of the forfeiture.

Action in the district court for Hennepin county to recover $500 on a fire insurance policy. The case was tried before Elliott, J., who directed a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Albert H. Hall* and *C. J. Cahaley,* for appellant.

*Brown, Reed, Merrill & Buffington,* for respondent.

MITCHELL, J.

This action was brought on a fire insurance policy on a stock of merchandise contained in a building known as "No. 246 Nicollet Avenue," in the city of Minneapolis. The policy is what is known

as the "Minnesota Standard Policy," and contained the following provision:

"This policy shall be void * * * if without such consent [the written consent of the insurer] the situation or circumstances affecting the risk shall, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of such risks."

The execution of the policy and the total destruction of the property insured were admitted by the defendant; but it alleged, in the nature of a plea of abatement, that the parties disagreed as to the amount and value of the property destroyed, and that the plaintiff refused to have the amount of her loss ascertained and determined by referees, as provided by the policy in such cases. It may be assumed that the evidence shows that the defendant had waived this provision by its express repudiation of all liability on the policy because it had become absolutely void under the provision above cited. But asserting this plea in abatement was not inconsistent with, nor a waiver of, any defense on the merits going to defendant's liability on the policy. Hence this matter may be dismissed without further consideration.

The evidence is conclusive that after the execution of the policy, and while it was in force, the plaintiff, without the knowledge or consent of the defendant, stored, or permitted to be stored, in the building in which the insured property was situated, quite a large stock of fireworks, consisting of skyrockets, Roman candles, mines, firecrackers, torpedoes, giant firecrackers, percussion caps, and colored fires. Even if there was no direct evidence on the question, we would take judicial notice of the fact that the storage of such articles caused an increase of the risk. Indeed, we do not understand that this is disputed by the plaintiff. It was the explosion of these fireworks that caused the loss in this very case. The court directed a verdict for the defendant.

The main contention of the plaintiff is that there was evidence tending to prove that the defendant had consented to the storage of the fireworks in the building, or at least subsequently waived any forfeiture of the policy on account of their storage, and therefore the

court erred in not submitting the case to the jury. The facts established by the evidence are that the policy was issued in September, 1897; that the fireworks were stored in the building about July 9, 1898; that about August 1 the plaintiff, through her agent, applied to the insurance broker through whom the policy had been procured, for a permit for the storage of the fireworks in the building; that for the additional premium of $2.50 the broker secured from the defendant's agent, and delivered to the plaintiff, the following permit, which was attached to the policy, to wit:

"Permission granted for the storage of fireworks in the within-described building for the period of 15 days. Additional premium, $2.50. This slip attaches to, and forms a part of, the policy. * * * Dated August 1, 1898."

It also appears that the insurance broker knew when this permit was applied for that the fireworks had been already stored in the building. The fireworks were not removed at the end of the 15 days, but still remained in the building when the fire occurred, on August 26, 1898. There is no evidence, however, that the defendant had any knowledge of that fact until after the fire.

Assuming, for the sake of argument, that the broker was the agent of the defendant in the premises, there is nothing in these facts tending to prove consent on the part of the defendant that these fireworks might be stored in the building after August 15, or an agreement in advance to waive the forfeiture of the policy in case their storage was continued after that date. The issuing of the permit, under the circumstances, amounted to a waiver of any prior forfeiture, but in no way implied an agreement to waive any future act of forfeiture, or to a consent that the fireworks might continue in store after the period of the permit should have expired. The defendant owed plaintiff no duty to give her notice to remove the fireworks at the expiration of the permit. That was a matter exclusively for her to see to. According to its terms, the policy became ipso facto void by the act of the plaintiff in keeping the fireworks in the building after the expiration of the permit. The defendant would not have been required to do any affirmative act

declaring a forfeiture, even if it had known of the acts of the plaintiff. Johnson v. American Ins. Co., 41 Minn. 396, 43 N. W. 59.

As bearing upon this question of waiver, the plaintiff offered in evidence certain letters written by defendant's general agent to her attorney after the loss, which the court excluded. We have examined these, and fail to find anything in them tending in the slightest degree to prove a waiver of the forfeiture. On the contrary, while in some of them objection is made to the proof of loss presented by the plaintiff, the general agent in every one of the letters expressly denied any liability on the part of his company on the policy on the ground that it had become void on account of the storage of the fireworks in the building. The terms of the permit were clear and unambiguous. There was no claim of fraud or mistake. Hence the evidence offered to prove that it was intended to cover a longer period was too evidently incompetent to require discussion.

The request to reopen the case, after both parties had rested, in order to permit the plaintiff to introduce additional testimony, was, under the circumstances, addressed to the discretion of the court. Moreover, the proposed additional evidence was immaterial. The mere knowledge of defendant's agent that the fireworks were still stored in the building after the permit had expired would not of itself amount to a waiver, for a reason already suggested. This covers all the points in the case worthy of notice.

Order affirmed.