## INSURANCE POLICY VOIDED BY FACTORY REMAINING IDLE.

Court of Appeals for Brown County.

A. R. WATSON AND G. E. KRATZER v. THE NORWICH UNION FIRE INSURANCE SOCIETY.

Decided, December 12, 1913.

*Fire Insurance—Manufacturing Plant Permitted to Remain Idle—Provision of Policy Making it Void Under such Conditions Held Valid—Rider Permitting the Closing of the Establishment Not to Exceed Thirty Days Construed.*

1. Where a policy of fire insurance covering a manufacturing establishment contains the provision that the entire policy shall be void if the establishment cease to be operated for more than thirty consecutive days unless consent thereto shall be endorsed on the policy, and a fire occurred after the establishment had been idle for more than thirty consecutive days, the insured is not relieved from this contractual provision by a rider attached to the policy, reading: "privilege of temporarily ceasing operations, not exceeding thirty days at any one time, without notice to the company."

2. Nor does it avail the insured that the agent who wrote the policy knew that the establishment was idle at the time the policy was written and remained idle until the occurrence of the fire, where there was a further provision in the policy that no agent should have power to waive any condition of the policy except as such waiver is endorsed thereon.

*O. E. Young* and *J. W. Bagby,* for plaintiffs in error.
*J. W. Mooney* and *J. R. Moore,* contra.

WALTERS, J.; JONES, J., and SAYRE, J., concur.

Error to Common Pleas Court of Brown County.

This was an action brought by the plaintiffs in error in the court below to recover of the defendant upon an insurance policy alleged to have been issued to them, insuring certain property therein described, which property had theretofore been destroyed by fire.

The insurance company, in its third defense, alleged that there was a provision therein that:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the subject of insurance be a manufacturing establishment and it be operated, in whole or in part, at night later than ten o'clock, or if it cease to be operated for more than thirty consecutive days."

It is also alleged in said third defense that said policy also contained the following:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire. * * *

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

It is further alleged that the subject of insurance was a manufacturing establishment, and the same was not being operated at the date of the fire and had ceased to be operated for more than thirty consecutive days prior thereto, and that no agreement was endorsed upon said policy or added thereto consenting that said manufacturing establishment should cease to be operated for more than thirty days, or providing that said policy should not, as provided by the foregoing provisions contained in said policy of insurance, be void.

The reply of the plaintiffs to the third defense alleges that they deny the policy contained the provisions as therein set forth, and they deny that no agreement was endorsed upon said

policy or added thereto consenting that said manufacturing establishment should cease to be operated for more than thirty days or providing that said policy should not become void.

The case proceeded to trial, and at the close of plaintiffs' testimony the defendant moved the court to direct the jury to return a verdict for the defendant, which the court did. Thereupon, a petition in error was filed in the court of appeals, to which was attached a bill of exceptions containing all of the evidence and proceedings in the court below, asking a reversal of the case chiefly because the court erred in directing a verdict on the issues presented by the third defense and the reply thereto.

The evidence, pleadings and record show that the insured property was a manufacturing establishment; that at the date of insurance it was not running, nor was it at the date of the fire, nor had it been in operation at any time from the issuance of the policy up until the fire.

The question presented is: Does the language set up in the third defense constitute a bar to the right of the insured to recover at the time plaintiffs rested their case?

There was a slip or rider attached to the policy which is as follows:

"Privilege of temporarily ceasing operations, not exceeding thirty days at any one time, without notice to the company."

Counsel for plaintiffs in error contend that no proof was in evidence that a notice had not been given.

The policy itself was in evidence and it provided that—

"* * * nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

No written permission to cease operations during the time of the fire was written on or attached to said policy.

It is further stated in the policy that:

"* * * no agent or other representative of this company shall have power to waive any provision or condition of this

policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto.''

The policy, itself, provided how permission should be given to cease operations and required that it should be endorsed on the policy or added thereto; and the policy not disclosing any such privilege entered thereon or added thereto, it follows that as no notice was legally given to the company, as disclosed by plaintiffs' evidence, the policy became void and the defendant was not required to do any affirmative act declaring a forfeiture. *Betcher* v. *Ins. Co.* (Minn., 1889), 80 N. W., 971; *Johnson* v. *Ins. Co.*, 43 N. W., 59, 143 S. W., 703; *Reduction Co.* v. *Ins. Co.*, 121 Fed., 937; *Day* v. *Ins. Co.*, 70 Iowa, 710.

The fact that the establishment was not in operation to the knowledge of the agent at the time the policy was issued can not deny to the company the right to provide by contract that it should become void if it ceased to operate for thirty consecutive days thereafter unless privilege attached to the policy or endorsed thereon should be granted.

It is contended by plaintiffs in error that the rider or slip attached, being a part of the contract, so modified the clause in the printed or body part of the same as that it overcome the clause of forfeiture and it did not become void, by its terms, as it did in the body of the contract.

This contention we can not subscribe to. The language of the slip is:

''Privilege of temporarily ceasing operations, not exceeding thirty days at any one time, without notice to the company.''

The words, ''without notice to the company,'' must be held to apply to the privilege of cessation of operations within the thirty days and not that the non-operation in excess of thirty days should be without notice to the company.

The words ''cessation of operation'' means a ''period of idleness—wanting in operation,'' and these words, and also the following, ''cease to be operated,'' which is prohibited by the provisions of the policy, is a condition of idleness or non-operation

of a manufacturing establishment beyond the period permitted. *Reduction Co.* v. *Ins. Co.*, 121 Fed., 938.

The court in this case holds:

"Upon April 20 the first permit was issued.: 'Privilege is hereby granted to cease operations for one month from date.' The effect of that was simply to extend the time of permitted idleness from ten days to one calendar month. In other words, instead of being allowed to have the plant idle for ten days plaintiff was allowed to have it idle for thirty days."

Nothing is said in the privilege rider about the effect which non-operation beyond thirty days should have upon the policy; that is contained in the policy contract proper, which provides it shall be void if the plant ceases to be operated for more than thirty consecutive days.

The printed provision in the body of the policy must be construed together with the same subject in the rider; to do otherwise would render meaningless a part of this contract. Whenever there are two constructions to be placed upon a written contract, one of which will give force to all of its provisions that one must be observed and followed.

Counsel for defendant in error has cited the case of *Happ* v. *Insurance Co.*, 85 O. S., 473, which was an affirmance of the circuit court, without opinion. In that case, however, the conditions of the policy violated were:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if illuminating gas or vapor be generated in the described building, or adjacent thereto, for use therein."

And also:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if there be kept, used or allowed on the above described premises \* \* \* gasoline."

The insurance company in that case contended that there could be no recovery because illuminating gas was being generated and used therein. The plaintiffs in error contended that

because illuminating gas was being generated when the policy was written and the soliciting agent knew that fact, and because, in addition, the policy in that case expressly covered "gas and heating apparatus," the above quoted conditions were not violated. But the Supreme Court, in affirming the circuit court, repudiated that contention.

The case of *Gump* v. *Insurance Co.* [15 C.C.(N.S.), 428; 24 C. D., 36] seems, by the second syllabus therein set out, to hold a contrary view to this opinion. This case was decided by the circuit court of the fifth circuit, and appears to have been affirmed by the Supreme Court in 86 O. S., 325, without opinion. The facts, as disclosed by the opinion of the circuit court, do not clearly show what the conditions and circumstances were; and, therefore, we may surmise that the facts and circumstances in that case, when fully disclosed, would not warrant the second syllabus therein reported. It would seem at least, from the case in the 85 O. S., 473, which was also an affirmance of the circuit court without opinion, that that case would be in direct conflict with the affirmance in the Gump case.

At least, we are persuaded by the current of authority that the rule laid down here is the one that has been followed and should govern this action.

What we have said in respect to this proposition dispenses with a further examination or discussion of the other questions made in the case; and,

The judgment of the common pleas court will be affirmed.