## The New York Central Insurance Co. v. Samuel N. Watson.

*What will revive forfeited policy of insurance: Estoppel.* Where a policy of insurance has become void by violation of one of its conditions, it cannot be revived by any thing short of a new contract, or such conduct as, by misleading the insured to his prejudice, operates as an estoppel. Mere knowledge of the violation without other action of the insurance company is of no account. —*Western Mass. Insurance Co. v. Riker*, 10 Mich., 279; *Security Insurance Co. v. Fay*, 22 Mich., 467.

*Evidence: Admission.* Where a party, in proving his loss under a policy, discloses the fact of the existence of another policy, obtained in violation of the conditions of the former, such statement is an admission that dispenses with any other proof against him of such further insurance.

*Heard October 11. Decided October 17.*

Error to Wayne Circuit.

The opinion contains a statement of the case.

*Ward & Palmer*, for plaintiff in error.

*Dickinson & Dickinson*, for defendant in error.

CAMPBELL, CH. J.

Two policies of insurance were issued by plaintiff in error, to Martin & Loughead, by whom, after a loss, they were assigned to defendant in error, who sued and recovered judgment upon them in the court below.

They contained, among other things, a clause rendering them void in case any other insurance had been or should be made upon the property and not consented to in writing by the company.

After they had been executed and become operative, another insurance was effected with the Republic Insurance Company, and never consented to in writing. On the trial the circuit judge, under exception, left it to the jury to determine whether or not there had been any waiver of this condition or of the forfeiture under it.

We think there was nothing in the case to authorize this to be submitted to the jury. As we have already held in the cases of *Western Mass. Ins. Co. v. Riker, 10 Mich. R., 279*, and *Security Ins. Co. v. Fay, 22 Mich. R., 467*, the policies became absolutely void at once upon the obtaining of the last insurance without consent. Nothing could revive them short of a new contract on valid consideration, or such conduct as, by misleading the insured to their prejudice, would operate as an estoppel. There is no item of testimony tending in the remotest degree to show that any such contract was made, or that the insured did any thing by the encouragement of plaintiff in error or their lawful agents to their own prejudice, or any thing which they would not have done under other circumstances. There is no evidence that the insurers knew any thing about it. But mere

knowledge of it, without some other act knowingly done to the prejudice of the insured, would not amount to any thing more than knowledge that the latter had voluntarily seen fit to terminate the policies. We do not, therefore, feel called upon to discuss at length the principles we have heretofore settled. There is no foundation for any recovery upon the policies.

The objection that the subsequent insurance was not proved has nothing to rest upon. The fact that more property was included in the Republic policy is not material. The deliberate statement of this policy in the proofs of loss dispensed with any other proof of it. And the rule that the proofs are no evidence in favor of the insured, does not preclude them from operating as admissions.

As this is fatal to the recovery, we do not think it important to consider any of the other questions raised by the record.

Judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.