ALEXANDER EMERY v. THE MUTUAL CITY AND VILLAGE FIRE INSURANCE COMPANY FOR THE COUNTIES OF BERRIEN, CASS AND VAN BUREN.

| 51 | 469 |
|----|-----|
| 123 | 280 |

*Fire insurance—Answers of assured as to other insurance—Avoidance of policy by additional insurance.*

A man insured property in a company whose policy provided that farther insurance, without the company's consent, would avoid it. He took a policy in another company, whose agent knew of the first, and in answer to a question as to what insurance there was already, he answered that there would be none after a particular date, being the time at which he supposed the first policy would run out, though it was, in fact, to be good for a year longer. *Held*, in an action on the later policy, and in view of the clause of avoidance in the former one, that the former became void on getting the policy in suit, and the latter was therefore not void as for an untruthful answer.

An insurance company will be considered satisfied with the answer to a question as to previous insurance, if the answer is substantially true and they issue the policy and enter into contract for insurance.

A policy that is to be void on a certain contingency cannot be regarded, where that occurs, as existing for any purpose; and whether ended by agreement or lapse of time or breach of condition is to be considered as no policy.

Error to Berrien.  (A. J. Smith, J.)  Oct. 5.—Oct. 10.

ASSUMPSIT.  Plaintiff brings error.  Reversed.

*Edward Bacon* for appellant.  An insurance policy is not made void by the fact that the property is already insured, if the earlier insurance is invalidated by the latter: *Watertown Ins. Co. v. Sewing Machine Co.* 41 Mich. 137; and the insurer has the burden of showing that the earlier policy remains in force: *Hopkins Mfg. Co. v. Aurora Ins. Co.* 48 Mich. 150; but subsequent insurance, without consent of the first insurer, avoids the first policy: *Security Ins. Co. v. Fay* 22 Mich. 471; *N. Y. Ins. Co. v. Watson* 23 Mich. 487; *Allemania F. Ins. Co. v. Hurd* 37 Mich. 13; Wood on Insurance § 350; and the later insurer cannot escape liability unless the earlier insurance remains valid: *New Eng. Ins. Co. v. Schettler* 38 Ill. 166; *Obermeyer v. Globe &c. Ins. Co.* 43 Mo. 573; *Ins. Co. v. Coatsville Shoe Factory* 80 Penn. St. 407; *Mitchell v. Lycoming Ins. Co.* 51 Penn. St. 402.

*J. J. Van Riper, O. W. Coolidge* and *H. H. Coolidge* for appellee.  The representation in an application for insurance that there is none outstanding, is a warranty of the fact stated, whether material or not: *Amer. Ins. Co. v. Gilbert* 27 Mich. 429; *Van Buren v. St. Joseph Ins. Co.* 28 Mich. 398; the policy, by special reference to the application, becomes incorporated therewith, to form one contract: *Brown v. Cattaraugus Ins. Co.* 18 N. Y. 385; *Philbrook v. N. E. Ins. Co.* 37 Me. 137; *Chase v. Hamilton Ins. Co.* 20 N. Y. 52; *Delaware Ins. Co. v. Hogan* 2 Wash. 4; the representation that no insurance exists is material to the risk, and it is therefore *immaterial* whether it is a warranty or not, as being false it avoids the policy: *Lycoming Ins. Co. v. Rubin* 79 Ill. 402; *Campbell v. N. E. Ins. Co.* 98 Mass. 381.

CAMPBELL, J.  Plaintiff sued on a policy of fire insurance, and was defeated on the ground that he had not truly

answered a question referred to in his application concerning other insurance on the property. It was not claimed that this was done fraudulently or intentionally, and was allowed to have been inadvertently. The question was, "What insurance is there on it, and in whose favor?" The answer was "None after the dates above stated."

Those dates referred to the time when this policy was to become operative, the period being postponed until the supposed expiration of a previous policy in a Hartford company, which plaintiff supposed would shortly run out, but which in fact had another year to run. The agent of defendant knew of the policy, but not of its time of running.

This Hartford policy contained a clause whereby, in case of further insurance without the written consent of the company endorsed thereon, the policy should be void.

We have held in several cases that under such a clause the new insurance renders it at once null and void, without further action. See *New York Central Ins. Co. v. Watson* 23 Mich. 486, and cases cited, and notes.

Plaintiff claimed below that inasmuch as his application referred distinctly to the period when the policy was to become operative as the time when no other insurance would exist, there was no misstatement, because this policy avoided the Hartford policy. The court below held otherwise, and decided that he had no cause of action left.

We see no ground on which this decision can be sustained. Not only might it fairly be inferred that there was a present policy, but such, we think, was the almost necessary inference, as it was the fact known to defendant's agent. We see no reason why the inquiry should be made, except to learn whether there was double insurance. The objection suggested that the main reason, or an important reason, was to know whether a policy was existing at the time, without reference to its continuance, and that the failure to answer was itself a violation of duty, does not strike us as of any force. If defendants desired a more explicit answer instead of the one given, which really gave all necessary information for their protection, they should have declined

to issue the policy. By issuing it and entering into the contract they must be held to have been satisfied with it, if true in fact.

We think it was true in fact. A policy that becomes void on a certain contingency cannot be regarded as having existence for any purpose, and whether ended by agreement or lapse of time or breach of condition, it is to be regarded as no policy. It would be, in our opinion, an idle distinction to make its absolute nullity subject to different rules on account of the difference in its causes of extinction. If extinct at the time when the application said it would be, we think the representation was made good.

We see no reason why plaintiff is barred from recovery.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.