CRONIN *v.* FIRE ASSOCIATION OF PHILADELPHIA.

1. Insurance—Pleadings and Proofs—Variance.

In an action for the use of R. upon a fire-insurance policy for $1,500, it appeared that $500 was on a building, and that the loss on the building was payable to R., mortgagee, as his interest might appear. The declaration alleged that defendant insured plaintiff and R., mortgagee, as the interest of the latter should appear, and that the insured building was burned, whereby the plaintiff, and R., as such mortgagee, had sustained damage to the amount of the policy; concluding with an averment of damages to the plaintiff. *Held,* that, in the absence of a demurrer, the declaration was not open to the objection that it averred that the plaintiff and R. were jointly entitled to recover the entire amount of the loss; and that there was, therefore, no variance between the contract declared upon and the policy offered in evidence.

2. Same—Special Defenses—Notice.

An insurance company cannot avail itself, in an action upon a policy, of a stipulation therein which was intended to avoid its promise by way of defeasance or excuse, unless it has given notice of such defense under its plea of the general issue. So *held* where the insurer sought to defend upon the ground that the plaintiff had violated the conditions of the policy in that he had failed to give notice of foreclosure proceedings, had allowed the building insured to remain unoccupied, and had ceased to use the premises for more than 10 days before the fire.

3. Same—Evidence—Question for Jury.

Whether a policy of insurance was issued on the written application of the insured, so as to make the representations therein contained binding upon him, or was in fact issued upon the mere oral application of a mortgagee protected by the policy to the extent of his interest, was a question for the jury, where the insured, although testifying that the written application was made by him to an agent other than the one who signed the policy, admitted

---

[1] Rehearing granted May 4, 1897. Former decision affirmed (no opinion filed) November 8, 1897.

that the signature to the application forwarded by the latter was his, and such application had the stamp of defendant's manager thereon, bearing date as of the day preceding that on which the policy was issued, and the mortgagee testified that he made an oral application to the agent signing the policy, and a few days later received the same and paid the premium.

4. SAME—MISUNDERSTANDING—RIGHTS OF MORTGAGEE.

If the policy was in fact based upon the written application, the fact that the mortgagee supposed that it was issued upon his oral application only, and that he was thereby misled to his prejudice, would not deprive the insurer of the right to avail itself, by way of defense, of a misrepresentation in the written application, in an action for the mortgagee's benefit brought in the name of the insured.

5. SAME—TERMS OF POLICY—PACKAGES.

Milk cans are "packages," within the meaning of a fire-insurance policy covering merchandise contained in a creamery building, "consisting chiefly of butter and cheese, manufactured and in process of manufacture, and all materials and supplies for the same, including packages."

Error to Shiawassee; Smith, J.  Submitted October 21, 1896.  Decided March 17, 1897.

*Assumpsit* by Michael B. Cronin and Thomas Cronin, for the use and benefit of Milton M. Rose, against the Fire Association of Philadelphia, on a policy of insurance.  From a judgment for plaintiffs on verdict directed by the court, defendant brings error.  Reversed.

*Mark Norris*, for appellant.

*Walter McBride*, for appellees.

MONTGOMERY, J.  This is an action on a fire policy for $1,500,—$500 on a two-story frame, shingle-roof creamery building and additions; $800 on engine, boilers, fixed and movable machinery, fixtures, tools, etc.; $200 on merchandise, consisting chiefly of butter and cheese, manufactured and in process of manufacture, and all materials and supplies for the same, including packages.  The loss on the

building was, by the terms of the policy, made payable to Milton M. Rose, mortgagee, as his interest might appear. The property was completely destroyed by fire, and on the trial the plaintiffs recovered a verdict, by direction of the court, in the sum of $1,449.30.

A preliminary question is raised as to the sufficiency of the declaration, the point being that there was a variance between the proofs and the declaration. We think this objection not tenable. It is alleged in the declaration that by the policy the defendant did insure plaintiffs and Milton M. Rose, mortgagee, as the interest of the mortgagee should appear, against loss or damage by fire, etc. It is further averred that the building was burned and destroyed by fire, whereby said plaintiffs, and Milton M. Rose as mortgagee, have sustained damage to the amount of $1,500. It concludes with an averment of damages to the plaintiffs, and, we think, could not have been misleading. The point appears to be that the averment that plaintiffs and Rose sustained damage to the amount of $1,500 amounts to an averment that they were jointly entitled to recover that sum. But we think, in view of the previous statement, that it could not be so construed. It is stated that the defendant did insure plaintiffs and Rose, mortgagee, as his interest might appear. There was no demurrer to the declaration, and we think it sufficient.

The principal defenses attempted were:

*First.* That the policy was issued upon a written application, containing representations of facts material to the risk, which were violated.

*Second.* That the assured ceased to operate the creamery for more than 10 days prior to the fire.

*Third.* That foreclosure proceedings were commenced to the knowledge of the assured.

*Fourth.* That the building insured was unoccupied, and so remained for 10 days prior to the fire, without the consent of the company indorsed upon the policy.

None of these defenses, except that based upon the representations contained in the application for the policy, are set up in the pleadings by the defendant, and the

point is made that the defenses were not open.    We think these defenses could not be considered, under the pleadings.    See *Residence Fire Ins. Co.* v. *Hannawold*, 37 Mich. 103; *Cassacia* v. *Insurance Co.*, 28 Cal. 628; *Coburn* v. *Insurance Co.*, 145 Mass. 229.    Defendant's counsel cites *Morley* v. *Insurance Co.*, 85 Mich. 210, in which case it was said:

"When the declaration is upon a written contract, under a plea of the general issue the defendant may show, upon cross-examination of plaintiff's witnesses or otherwise, a noncompliance with any of the conditions of the contract which will defeat recovery."

This language must be construed with reference to the subject being dealt with, and, so construed, it is evident that by "conditions" was meant conditions precedent. The true rule is stated by Mr. Justice Devens, in *Coburn* v. *Insurance Co.*, *supra*, which is: "Stipulations added to a contract, which are intended to avoid the defendant's promise by way of defeasance or excuse, must be pleaded in defense, and must be sustained by evidence.    They are in the nature of provisos."    The defenses in the present case relating to the failure to have the fact of foreclosure proceedings indorsed, the cessation of use, and the want of occupancy of the building, are by way of confession and avoidance, and should have been pleaded specially at the common law, and, under our practice, should have been noticed under the general issue.

As before stated, the breach of representations contained in the application was fully set up in the notice. This defense depended for its validity upon two considerations:  *First*, whether the application offered in evidence was, in fact, the basis of the insurance, or whether, on the other hand, the policy was issued upon a distinct oral application; and, *second*, whether there was a material misrepresentation.    Neither of these questions was submitted to the jury.    We think there was error in these rulings.

One of the plaintiffs testified as follows: "*Q*: When you were getting out this insurance, did you make application in writing? *A*. I made application to Mr. Chapell. I could not swear what company it is." He was then shown the application in question, which was directed to the defendant company, and admitted that the signature to the same was written by himself. On redirect examination, it is true, he testified that he made the application to Chapell, and not to Mr. Cooper, the agent who signed the policy, and that he never had any conversation with Mr. Cooper about this application; and the plaintiffs produced as a witness Mr. Edward Rose, who testified that he went to the office of Cooper, and made an oral application, and that Cooper replied that he would submit the question to the Philadelphia Company; and that a few days later he received the policy, and paid the premium on it. It appears by the record that a previous talk had been had between Rose and the plaintiffs about making an application for some insurance in the defendant company. The written application signed by the plaintiff bore date December 5th, has the stamp of defendant's manager in Chicago, bearing date December 6th, and the policy was issued December 7th. We think, under all the testimony, the question of whether the policy was issued on a written application was one of fact for the jury. If such an application was before the agent of the company at the time he wrote the policy, the presumption is almost irresistible that the policy was written based upon that application. It is the Cronins who sue here, upon a contract running to them. Rose saw fit to accept such a contract, and, if this was based upon a written application, and so understood by defendant's agent, certainly the plaintiffs ought to be bound by it. If Rose was misled to his prejudice, it is possible that a remedy may be open to him to the extent of his interest in the policy; but his remedy, if any, would not be by an action on the policy in the name of the assured, but he would be forced to

resort to either an action on the case or a court of equity. But that question is not now before us. If it is established that the application is to be treated as a part of the policy, the testimony in this record would seem to indicate a breach of the representations contained in the application.

It is claimed that the judgment was excessive. There was included in the judgment, under the clause insuring "merchandise, consisting chiefly of butter and cheese, manufactured and in process of manufacture, and all materials and supplies for the same, including packages," an item of $91.50 for milk cans. It is claimed that the word "packages" is not broad enough to include packages in which the materials and supplies are to be placed, but only relates to the packages for the manufactured article, such as cheese and butter. The word is used in connection with materials and supplies, and, we think, is broad enough to include the milk cans.

For the error pointed out, the judgment will be reversed and a new trial ordered.

The other Justices concurred.