CRONIN *v.* FIRE ASSOCIATION OF PHILADELPHIA.

1. FIRE INSURANCE—APPLICATION—WARRANTY

Where a policy of fire insurance is issued upon the written application of the insured, the application becomes a part of the contract, and statements therein have the force of warranties, though it is not referred to in the policy.

2. SAME—BREACH OF CONDITION—VOID POLICY.

A policy of insurance upon a manufacturing institution, which was issued before the taking effect of 2 Comp. Laws 1897, § 5182, requiring the insertion in policies thereafter issued, after the clause containing the conditions for breach of which the policy is declared void, of a proviso that such shall be the effect only when loss occurs "while such breach of condition continues," was rendered absolutely void, where the institution ceased to be operated for more than 10 consecutive days, contrary to a condition of the policy, though it was in operation within 10 days preceding the loss.

3. NEW TRIAL—REFUSAL—STATEMENT OF REASONS.

It is the duty of the circuit judge, upon request, to give a definite statement of his reasons for denying a motion for new trial, and the mere statement that the mover has not "shown sufficient grounds and reasons to justify it" is insufficient.

Error to Shiawassee; Smith, J.    Submitted January 5, 1900.    Decided March 13, 1900.

*Assumpsit* by Michael B. Cronin and Thomas Cronin, for the use and benefit of Milton M. Rose, against the Fire Association of Philadelphia, on a policy of insurance. From a judgment for plaintiffs, defendant brings error. Reversed.

*Crane, Norris & Stevens,* for appellant.

*Walter McBride* (*Watson & Chapman,* of counsel), for appellees.

Hooker, J.    This cause is before us for the third time, on writ of error sued out by the defendant.    Our former opinions in relation to it are reported in 112 Mich. 106 (70 N. W. 448), and 119 Mich. 74 (77 N. W. 648).    Upon the last trial the court left to the jury the following questions: .

1. Was the policy issued upon a written application, as alleged by the defendant?
2. Was the creamery idle for 10 consecutive days?
3. Was the policy avoided by a failure to procure the defendant's consent to foreclosure proceedings against the property?.

It is claimed that it was error to submit either of these questions to the jury, and that a verdict should have been directed for the defendant.

The building was owned by the plaintiffs, who used it for a creamery.    One Milton M. Rose had a mortgage upon it.    Samuel W. Cooper was defendant's local agent at Corunna.    W. R. Chapell was also an insurance agent, and he also lived in Corunna.    There is testimony tending to show that Rose's brother and agent asked Cooper to insure his interest, because the Cronins would not attend to it, and that Cooper, having some doubts whether his company (the defendant) would carry the risk, procured an application from Chapell, who prepared it and caused the Cronins to sign it on December 5, 1894, and sent it to the home office in Chicago, and was authorized by its general officers to issue the policy, which he then did.    It was issued in the name of the Cronins, loss, if any, payable to Rose as his interest might appear, and was delivered to Rose, who paid the premium.    Cooper testified that the only person who requested him to insure the creamery was Rose, and that, "in getting the written application referred to, he acted on his own responsibility, and sent it to the company as a matter of information, and had been conducting this business that way for four or five years, and had the exclusive agency in Corunna."

This question was held in our first opinion, upon testimony substantially the same as this, to be for the jury.

In this connection we are asked by counsel for the plaintiffs to determine whether the written application should be considered a part of the contract, and a warranty, in any event. We have no doubt that it should be so considered, if the policy was issued upon it.

The policy contains the provision that:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be a manufacturing establishment, and * * * if it cease to be operated for more than ten consecutive days."

The defendant's counsel allege that this creamery was idle for more than 10 days, and that the undisputed testimony shows it. Cronin testified that they shut the creamery down in September, and never resumed manufacture. They afterwards stored some corn there, and they had some butter there, that they shipped out as they got orders for it. They had it in the refrigerator. He said on cross-examination that they ceased buying milk in September, and that in October they made no use of the building, except for the storage of their butter, which they shipped out as fast as they could get a market for it, and that he thought the last butter or merchandise was shipped out in October. Several other witnesses testified that it was shut down in September, and that it was not started up to manufacture butter, to their knowledge. The only testimony tending to contradict this is that of Rose and his son, who say they were at the creamery on November 28th and December 2d, and that the machinery, or some part of it, was running for the purpose of "*working over*" some of the butter on hand, and that Cronin said it would take two or three days. This leaves over a month that it was not operated, if the testimony of other witnesses is to be believed. Counsel for the plaintiffs contend that this testimony discredits the Cronins, and therefore the jury may disbelieve them. There is much other testimony

that it was shut down more than 10 consecutive days, and there is no testimony tending to show that it was not. The court would have been warranted in saying to the jury that the undisputed evidence established that fact, and he erred in refusing to grant a new trial upon the ground that the jury's answer to the special question was against the evidence. In this connection we should remark that the alleged reasons given by the court for denying the motion for new trial were not a compliance with the law, which requires something more than the statement that the mover has not "shown sufficient grounds and reasons to justify it." Counsel requested that reasons be filed, and they were entitled to them.

It seems to be claimed that the policy should not be held void if the machinery was being operated within the 10 days immediately preceding the fire, but such is not the law. We have frequently held that the breach of such a condition renders the policy immediately and wholly void, as the following cases, cited by counsel, show: *New York Central Ins. Co.* v. *Watson*, 23 Mich. 487; *Emery* v. *Insurance Co.*, 51 Mich. 472 (16 N. W. 816); *Kitchen* v. *Insurance Co.*, 57 Mich. 140 (23 N. W. 616, 58 Am. Rep. 344); *Clark* v. *Insurance Co.*, 107 Mich. 160 (65 N. W. 1); *Cronin* v. *Fire Ass'n*, 119 Mich. 74 (77 N. W. 648); *Carpenter* v. *Insurance Co.*, 61 Mich. 644 (28 N. W. 749); *Allemania Fire Ins. Co.* v. *Hurd*, 37 Mich. 13; *Cleaver* v. *Insurance Co.*, 65 Mich. 530 (32 N. W. 660, 8 Am. St. Rep. 908); *Robinson* v. *Fire Ass'n*, 63 Mich. 96 (29 N. W. 521). This has now been changed by statute, as to Michigan standard policies. 2 Comp. Laws 1897, § 5182.

A verdict should have been directed for the defendant. The question in relation to notice of the foreclosure proceedings was passed upon at a former hearing.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.