CRONIN v. FIRE ASSOCIATION OF PHILADELPHIA.

FIRE INSURANCE—BREACH OF CONDITION—QUESTION FOR JURY.
  Evidence that a manufacturing institution ceased to be oper-
  ated for more than 10 consecutive days, contrary to the con-
  ditions of a fire policy thereon, is not contradicted, so as to
  require the submission of the question to the jury, by testi-
  mony that, during the period to which the inquiry was
  directed, witness visited the establishment once a week, some
  13 times in all, and that on most of the occasions the
  machinery was running.

Error to Shiawassee; Smith, J. Submitted June 5,
1901. Decided July 10, 1901.

Assumpsit by Michael B. Cronin and Thomas Cronin,
for the use and benefit of Milton M. Rose, against the Fire
Association of Philadelphia, on a policy of insurance.
From a judgment for defendant on verdict directed by the
court, plaintiffs bring error. Affirmed.

Watson & Chapman, for appellants.

Crane, Norris & Drew, for appellee.

MONTGOMERY, C. J. This case is an old acquaintance.
It now appears in this court for the fourth time. When
we last considered the case, the law of the case upon the
facts there appearing in the record was fully determined,

and it was held that a verdict should have been directed for the defendant on the ground that the policy had been avoided by ceasing to operate the creamery covered by the policy for a period of more than 10 days. *Cronin* v. *Fire Ass'n*, 123 Mich. 277 (82 N. W. 45). The testimony of Milton M. Rose, the plaintiff in interest, appeared in that record. On the new trial the plaintiffs again called Mr. Rose as a witness, and he changed his testimony in a most remarkable manner. Whereas on the former trial he testified that he visited the creamery three times during the fall of 1895, and described the manner of his traveling there, stating that on two occasions he went by train, and on one his son drove him, on this trial he testified that he was there thirteen times, and that his son drove him each time. Some attempt is made to account for this testimony by stating that the attention of the witness was not called to the additional visits on the former trial; but the record does not sustain this. There is a way to account for the discrepancy, but no way to excuse it.

It is urged that a question for the jury is presented; but we think, taken in its most favorable light, it does not show that there may not have been one or more periods of 10 days during which the mill was not operated, and, although the witness testifies that the machinery was in operation on *most occasions* when he was there, it does not raise a question for the jury. The circuit judge committed no error in directing a verdict for defendant, and the judgment is affirmed.

The other Justices concurred.