## KOTWICKI v. THURINGIA INSURANCE CO.

FIRE INSURANCE—WAIVER OF CONDITIONS—AUTHORITY OF AGENT.
A fire-insurance agent, having authority to permit other insurance, who receives a policy from the insured with a request for a permit for other insurance, and after eight days returns it, saying he has "fixed it all right," while in fact he has made no indorsement, waives the condition that the policy shall be void if other insurance is obtained without written permission indorsed upon the policy.

Error to Alpena; Emerick, J. Submitted June 4, 1903. (Docket No. 27.) Decided July 8, 1903.

*Assumpsit* by Frank Kotwicki against the Thuringia Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*Pierce & Kinnane*, for appellant.

*Charles R. Henry*, for appellee.

CARPENTER, J.   On the 15th of May, 1902, defendant insured plaintiff's property against loss by fire.   The policy was a Michigan standard policy.   June 18, 1902, the insured property was burned.   Defendant refusing to pay the insurance, plaintiff brought this suit.

It appeared from the testimony that before the fire, and after defendant insured his property, plaintiff procured thereon other insurance, and that permission to procure the same was not indorsed on or added to the policy issued by defendant.   The testimony of the plaintiff, however, tended to prove that defendant's agent who issued the policy, and who had authority to permit the other insurance, consented to the same; that plaintiff delivered to him the policy, and told him to "fix it so he could take more insurance;" that the agent kept the policy seven or eight days, and returned it to plaintiff, saying, "I have got it fixed all right;" that plaintiff took the policy, and did not look at it again until after the fire occurred, when, as already stated, he ascertained that permission for other insurance had never been indorsed thereon.   Defendant's agent testified that he "never had the slightest intimation that the insured had any other insurance until the morning after the fire."   The issue raised by this conflicting testimony was submitted to the jury, who found a verdict for the plaintiff.

The only question presented on this appeal is raised by defendant's contention that, by reason of the provisions of said policy, which may be found in the opinion of this court in *Rediker* v. *Insurance Co.*, 107 Mich. 224 (65 N. W. 105), the agent could not, by his oral agreement and the conduct testified to by plaintiff, waive the stipulation that other insurance rendered the policy void unless thereon indorsed.   This contention is fully answered by the following decisions of this court: *Beebe* v. *Insurance Co.*, 93 Mich. 514 (53 N. W. 818, 18 L. R. A. 481,

32 Am. St. Rep. 519); *Rediker* v. *Insurance Co.*, 107 Mich. 224 (65 N. W. 105); *Cronin* v. *Fire Ass'n*, 119 Mich. 74 (77 N. W. 648); *Walter* v. *Insurance Co.*, 120 Mich. 35 (78 N. W. 1011).

The judgment of the court below is affirmed, with costs.

The other Justices concurred.