WEBB *v.* CONCORDIA FIRE INSURANCE CO.

Insurance—Pro Rata Clause—Validity of Policy—Fire Insurance.

    The proviso in a policy of fire insurance that the insurer should only be liable for its *pro rata* share of the loss to be determined by the proportion that its policy should bear to the total insurance, whether valid or not, restricted the liability of defendant insurance company to its *pro rata* share only, although a previously existing policy on the property was invalid and the first insurer refused to pay on the ground that the insured failed to notify it of the taking out of a second policy.

Appeal from Lapeer; Smith, J. Submitted June 15, 1911. (Docket No. 68.) Decided October 2, 1911.

Bill by Thomas Webb against the Concordia Fire Insurance Company to set aside an adjustment and settle-

ment of a fire loss and obtain the payment of complainant's loss under a policy of fire insurance. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*William E. Brown,* for complainant.

*Stevenson, Carpenter & Butzel,* for defendant.

BLAIR, J. On October 8, 1903, complainant procured insurance in a mutual insurance company; the policy containing the following clause:

" The assured shall not be entitled to recover under this policy if he shall procure any other insurance, whether valid or not, upon the property insured."

On the 19th day of August, 1908, complainant procured insurance in defendant company, after notifying the agent issuing the same fully of the prior insurance. This policy contained the following clause:

" This entire policy unless otherwise provided by agreement endorsed hereon or added hereto shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not on property covered in whole or in part by this policy."

Also the Michigan standard form clause, as follows:

" This company shall not be liable under this policy for a greater portion of any loss on the described property * * * than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto."

A loss occurred October 20, 1908, of which complainant notified both companies. The loss was adjusted by the adjuster of the mutual company, and defendant paid its proportion of the loss to complainant and received a release;

both parties assuming that the mutual company would pay its proportion. The mutual company refused to pay any part of the loss, on the ground that the additional insurance procured without notice to it avoided its policy. Complainant thereupon instituted this suit to cancel the settlement with defendant and recover the balance of the insurance. Complainant obtained a decree in the circuit court, and defendant appeals to this court.

The single question presented for our determination is: Does the *pro rata* clause apply to a case like this, where the prior policy becomes void *ipso facto* upon the issuance of the subsequent policy?

Counsel for defendant contend that—

" The phrase 'whether valid or not' was inserted in the policy to cover just such a case as this. * * * Manifestly the *pro rata* clause can have no effect and cannot become operative until there has been a loss and that loss ascertained. Therefore, whether a policy has been forfeited and is invalid at the time of the loss, or whether it is still in force, makes absolutely no difference under the wording of the policy"—citing *Liverpool, etc., Ins. Co.* v. *Verdier*, 35 Mich. 395; *Cassity* v. *Insurance Ass'n*, 65 Miss. 49 (3 South. 138); *London, etc., Ins. Co.* v. *Turnbull*, 86 Ky. 230 (5 S. W. 542).

As stated in complainant's brief:

" It is the contention of the complainant that there was no concurrent insurance by the two companies, and could not be without the consent of both companies. That, while defendant knew that there was another policy covering the same property, the Farmers' Mutual never consented to any concurrent insurance. That by reason of taking the policy in the defendant the first policy became wholly void. See *Emery* v. *Insurance Co.*, 51 Mich. 469 [16 N. W. 816, 47 Am. Rep. 590]; *A. M. Todd Co.* v. *Insurance Co.*, 137 Mich. 188 [100 N. W. 442]; *Cronin* v. *Fire Ass'n*, 123 Mich. 277 [82 N. W. 45]; *New York Central Ins. Co.* v. *Watson*, 23 Mich. 486. Nor will the fact that a claim is made under the first policy after the loss annul the subsequent policy. *Cowart* v. *Insurance Co.* [114 Ala. 356] 22 South. 574. If the policy in the Farmers' Mutual became void by reason

of taking a new policy upon the same property, it became void upon the day of the issuance of the new policy in the defendant company, on August 19, 1908, and was never in force after that date. It is also claimed by complainant that, if the Farmers' Mutual policy became void by reason of taking the policy in the Concordia Company upon the same property, it became void for all purposes, not only for the purpose of avoiding liability of the Farmers' Mutual, but it was so void that there was no policy in existence after that date, for any purpose whatever, except the policy of defendant, and that defendant was the sole insurer of the property at the time of the loss, October 20, 1908, and was liable for the full loss of the property covered by their policy. There was no concurrent insurance clause in either policy."

We think it was the legislative purpose in requiring this provision in the statutory policy that all policies in existence at the time of the loss should be taken into account, whether void or valid. In the *Verdier Case,* Chief Justice COOLEY said:

"The plaintiff in error required the insured to stipulate in their policy that in adjusting a loss other existing policies should be taken into the account, even though forfeited; the plain purpose being to protect the company against the necessity of contesting with the insured any question of the validity or invalidity of other existing policies. This was a competent provision and not unreasonable."

In *Donogh* v. *Insurance Co.,* 104 Mich. 503 (62 N. W. 721), Justice MONTGOMERY said:

"Plaintiff contends that, inasmuch as the policy attempted to be taken out in the Liverpool & London & Globe contained a clause like that which was relied upon by the defendant, such subsequent policy was void, and therefore did not operate to forfeit the first policy. There is authority to sustain this contention of plaintiff, to the extent that, where there is a stipulation in the policy merely that it shall be avoided by subsequent insurance, the first policy is not avoided by taking out a new policy, which is wholly inoperative and void. See *Gale* v. *Insurance Co.,* 41 N. H. 170; *Stacey* v. *Insurance Co.,* 2 Watts & S. [Pa.] 506; *Philbrook* v. *Insurance Co.,* 37

Me. 137; *Schenck* v. *Insurance Co.*, 24 N. J. Law, 447; *Jackson* v. *Insurance Co.*, 5 Gray [Mass.], 52. But the stipulation in this case goes further. It provides that the policy 'shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not.' Language could not well be more specific. The evident purpose of the provision is to guard against the possibility of all apparent motive or inducement to commit fraud."

As remarked by the author of May on Insurance, vol. 2, § 365*b*:

"It is difficult to see why the words, 'Valid or not,' do not in all common sense cover a void policy."

The decree is reversed, and the bill of complaint dismissed, with costs to defendant.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.