EMMA J. MAGARRELL et al., Appellees, v. AMERICAN INSURANCE COMPANY, Appellee; SECURITY FIRE INSURANCE COMPANY, Appellant.

INSURANCE: Forfeiture—Additional Insurance—Mistake as to Expiration of Former Policy. The act of taking out insurance from a specified date, on the mutual but mistaken assumption on the part of the insurer and insured that a former policy on the same property but in a different company *expired on said date*, with no intention to effect concurrent, additional or double insurance, instantly works a complete surrender of all rights under the unexpired portion of the former policy, and thus leaves the property with but one insurance thereon, to wit, the new policy.

*Appeal from Cass District Court.*— E. B. WOODRUFF, Judge.

SATURDAY, SEPTEMBER 22, 1917.

The opinion states the case.—*Affirmed.*

*W. A. Follett,* for appellant.

*H. M. Boorman, C. B. Clovis* and *Flansburg & Flansburg,* for appellees.

INSURANCE: forfeiture: additional insurance: mistake as to expiration of former policy.

WEAVER, J. The plaintiff herein, Emma J. Magarrell, was the sole owner of a tract of land in Cass County, on which there was a dwelling house. On July 22, 1910, G. H. Magarrell, husband of plaintiff, went to the local office of the agents of the American Insurance Company of Newark, New Jersey, and took out a policy on said dwelling house, insuring it against loss or damage by fire. The policy was written to expire on July 13, 1915. As written, the policy named G. H. Magar-

rell as the owner of the property, and for the premium thereon, he executed and delivered to the company his own two promissory notes, the last falling due September 1, 1911. About the first of July, 1915, as the evidence tends to show, acting in view of the approaching expiration of this policy in the American Company, negotiations were begun between Magarrell and the agent of the Security Company for placement of the risk in the latter. Question arose as to the exact date on which the existing insurance would expire. The policy itself appears to have been left at the agency of the American Company and was not in the possession of the plaintiff or her husband, and they did not know, or they failed to remember, the true date. G. H. Magarrell as a witness testifies that he applied to one White, the agent of the American, to ascertain the date of the expiration, and was informed that it was July 6, 1915. White admits that he had talk with Magarrell concerning the renewal of the policy, but denies that he stated the date of expiration. Whatever may be the truth as to this conversation, it is too clear for doubt that Magarrell believed and stated to the agent for the Security Company that the date of such expiration was July 6, 1915. The negotiation between them was conducted on that understanding, and, as a result thereof, said last named company, on July 1, 1915, issued its own policy on the property for the same amount named in the American policy, with the expressed condition that the risk so assumed should take effect on July 6, 1915. On July 7, 1915, the insured property was destroyed by fire, and proofs of the loss were made out and furnished to each insurer.

The companies having each for itself denied liability for such loss, this action was begun in equity, making both insurers defendants thereto, though asking final recovery only as against the one which the court might find bound in equity and good conscience to perform its contract of

indemnity.    As against the American Company, it was also alleged that the policy issued by said defendant was by mistake made to G. H. Magarrell instead of to his wife, the plaintiff, and she prayed a reformation of the contract by substituting her name therein in place of the name of her husband.

Answering the petition, the American Company admitted the issuance of the policy sued upon, but denied that there was any mistake made in the writing, and alleges that the policy was forfeited by the act of the insured in taking out additional insurance in the Security Company, and by false representations to the American Company, at the time the policy was issued, that G. H. Magarrell was the owner of the property insured.

The separate answer of the Security Company admits the issuance of its policy mentioned in the petition, but says that it was issued to take effect only upon expiration of the policy in the American Company, and that, as such expiration did not take place until July 13, 1915, said policy had not come into force and no risk had attached under said contract at the time the fire occurred.    It further pleads that one of the terms of its policy makes the same void if, at the time of its issuance, the insured had or should thereafter procure other insurance, and that such provision was violated and the insurance avoided by the fact that at that date the insured had other valid insurance, as shown by the American policy.

The issues were tried to the court as in equity, and, upon the proved and admitted facts, the court denied the plaintiff's prayer for reformation of the American Company's policy, but found that such policy was void and of no effect, because of the untrue representations of G. H. Magarrell that he was the owner of the property, and, as said policy was never delivered to plaintiff and remained at all times in the possession of the company's agents, said

company never became liable thereon, and there was in fact no valid outstanding insurance upon the property at the date when the policy of the Security Company, according to its express terms, became effective. This conclusion necessitated a judgment in plaintiff's favor against the Security Company.

We have, then, to inquire whether, upon the record as made, the court should have found against the validity of the Security policy. While the plaintiff has appealed from that part of the decree denying her any relief against the American Company, she expresses herself as willing to waive her exception in this respect if her recovery against the Security Company is permitted to stand, and asks that her appeal be considered only in the event that such recovery cannot be sustained.

Were it necessary to the proper adjudication of the rights and liabilities of the Security Company to first determine whether plaintiff was entitled to a reformation of the American policy, we are not at all convinced that she would not be entitled to such relief. We are inclined, however, to the view that, even assuming the validity of the American policy up to July 6, 1915, and assuming also the date of its expiration, as expressed in the contract, to be July 13, 1915, it does not necessarily follow that, under the admitted facts, it would have the effect to avoid the Security policy issued to take effect July 6, 1915. Both the insurer and the insured, under this last policy, were attempting to effect an insurance which was to succeed, in order of time, the American policy. Both believed and understood that the American policy expired July 6, 1915. Neither party intended to effect concurrent or additional or double insurance, even for the matter of the short period between July 6th and July 13th, and we see no good reason and are aware of no sound principle to prevent the court's carrying that mutual agreement and understanding into

effect by holding it to operate as an abandonment or forfeiture by the insured of all right she otherwise might have had to the protection of the American policy from and after July 6th, and that there was at no time any double insurance. The case does not, in our judgment, fall within the familiar class where the policy sued upon is issued without notice to the insurer of the existence of other insurance covering all or part of the period named. It falls rather within the fair scope of the rule affirmed by this court in *Wilson v. Anchor Fire Ins. Co.*, 143 Iowa 458, and the authorities there cited. Quite in point, see *Emery v. Mutual C. & V. Fire Ins. Co.*, 51 Mich. 469 (16 N. W. 816). The effect of these authorities is that, if the issuance of the latter policy has the necessary effect of avoiding or putting an end to the earlier policy, the condition against other or additional insurance in the policy last issued is not violated.

Whether we proceed upon this theory or upon that adopted by the trial court, the same result is obtained—the affirmance of the recovery in plaintiff's favor. Such being. the case, we think there is no occasion to further consider or review the points made and authorities cited by counsel. The decree below is right, and it is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.