## OLUF GJERSET v. AMERICAN INSURANCE COMPANY OF NEWARK, N. J. AND ANOTHER.[1]

October 14, 1927.

No. 26,278.

**Finding not sustained by evidence.**

[1] Upon an examination of the record, *held* evidence does not sustain finding that certain insurance policies were renewals of earlier policies issued by another company.

**Defenses specified not available under answer of insurance company.**

[2] An answer of an insurance company, alleging that insured had no insurance with it at the time of loss, and that its purported policies were void, states a conclusion of law and does not permit a defense of vacancy, want of proof of loss, or over-insurance.

Cyclone and Tornado Insurance, 17 C. J. p. 695 n. 31 New.
Insurance, 33 C. J. p. 88 n. 94, 2; p. 89 n. 6; p. 90 n. 21; p. 98 n. 37.

Action in the district court for Chippewa county for an apportionment of loss under four policies of insurance issued by defendants. There were findings annulling the policies of the American Insurance Company and awarding plaintiff judgment against the North Star Farmers Mutual Insurance Company for the full amount of the loss. From an order, Baker, J., denying its motion for a new trial, the North Star company appealed. Reversed with directions.

*N. R. Ryerson,* for appellant.

*William Furst,* for respondent American Insurance Company.

*Fosnes & Haave,* for respondent Gjerset.

WILSON, C. J.

Appeal from an order denying a motion for a new trial.

On June 26, 1920, plaintiff received from the American Insurance Company a tornado policy for $1,500 on farm buildings. On the

[1]Reported in 215 N. W. 783.

same day he received another policy from the same company for $1,800 covering another set of farm buildings. Both policies expired June 26, 1925. On May 21, 1925, plaintiff procured two policies from the North Star Farmer's Mutual Insurance Company, one for $2,250 covering the buildings on the one farm, and the other for $1,700 covering the buildings on the other farm.

On May 22, 1925, the insured buildings were damaged by wind. The American Insurance Company policies contained a provision, "if there shall be any other tornado insurance, * * * on the property * * * claim upon this company shall be only for such proportion of the loss as the amount of this policy shall bear to the whole insurance." On May 27, 1925, with plaintiff's approval, an adjustment was made by the two companies in the sum of $1,336.60, of which $571.86 was apportioned to the American Insurance Company and $764.74 to the North Star Farmers Mutual Insurance Company.

The trial court ordered judgment annulling the policies of the American Insurance Company and awarded plaintiff judgment against the mutual company for the full sum of $1,336.60.

[1] The conclusion of the trial court seems to rest upon the theory that the policies of the mutual company were procured and issued not as additional insurance but as renewals of the policies of the American Insurance Company which were about to expire, and constituted an abandonment or termination of them. Magarrell v. American Ins. Co. 180 Iowa, 1015, 164 N. W. 216. This result, however, seems to disregard the positive and uncontradicted testimony of plaintiff to the contrary. He testified that he procured this insurance because he had made improvements enhancing the value of the buildings and that it was his intention to get more insurance and not to cancel the insurance which he already had. Opposed to this, the witness King, an adjuster for the American Insurance Company, testified that Mr. Gjerset had told him that he knew the American policies were expiring and that their agent was out of town so he went to the agent of the mutual company. It must be noted that King did not testify that Gjerset said he

was going to renew, and it may be that he wanted additional insurance from the same company even though the existing policies were to expire. The evidence does not seem to justify .the conclusion that the policies of the mutual company were issued as renewals of the American Insurance Company policies which were about to expire. Consequently the issuing of its policies did not have the effect of avoiding or terminating the earlier policies.

[2] The American Insurance Company makes other points in support of its claim of nonliability, including vacancy, want of proof of loss, and insurance in excess of insurable value as stated in its policies; but none of these claims are available under its answer, nor have they been litigated by consent. The answer does not mention any of these things. It contains an allegation that at the time of the fire (presumably windstorm) it had no insurance upon plaintiff's property and that its purported policies were void. This allegation is a conclusion of law and cannot, because of failure to state the facts, be construed as a pleading supporting the assertions now made.

The order of the trial court is reversed with directions to enter judgment against the American Insurance Company for $571.86 and against the North Star Farmers Mutual Insurance Company for $764.74.

Reversed.